# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# DOCKET NO. 5:13-cr-0050-FDW-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) |
| vs. | )<br>)    ORDER<br>) |
| (1) LARRY MITCHELL SNYDER, | )<br>)<br>) |
| Defendant. | )<br>) |

THIS MATTER is before the Court on Defendant's Motion for Reconsideration, (Doc. No. 200), of this Court's ruling on Defendant's Motion for Compassionate Release, (Doc. No. 182). The Court previously denied without prejudice Defendant's Motion for Compassionate Release based on Defendant's "failure to file a Reply brief" to the United States' response. (Doc. No. 194). As Defendant points out in his Motion for Reconsideration, Defendant had in fact timely filed his reply brief, (Doc. No. 188), and several declarations to support the reply brief, (Doc. Nos. 189, 190, 191, 192); however, Defendant had inadvertently designated the pleading on the docket as a "Memorandum In Support by Larry Mitchel Snyder re: 182 MOTION" rather than a "Reply to 186 Government's Response in Opposition." (Doc. No. 200, p. 2). Notably, the Government did not file any motion in opposition to the Motion for Reconsideration, and the time for doing so has long expired. For the reasons stated in Defendant's Motion for Reconsideration (Doc. No. 200), it is GRANTED.

The Court therefore reconsiders the merits of Defendant's original Motion for Compassionate Release, (Doc. No. 182), along with the parties' pleadings and all other filings related to that motion, (Doc. Nos. 183, 186, 188, 189, 190, 191, 192, 193). For the reasons below, the Court GRANTS Defendant's Motion for Compassionate Release (Doc. No. 182).

1

Defendant seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and argues extraordinary and compelling reasons, along with consideration of the 18 U.S.C. § 3553(a) factors, support his request to reduce his sentence to time served. Following enactment of the First Step Act, "§ 3582(c) permits incarcerated persons to file motions for compassionate release directly with the district court so long as they first exhaust their administrative remedies." United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam). If an inmate has exhausted his or her administrative remedies, the court—in its discretion—may grant an inmate's motion for compassionate release if the court: 1) finds extraordinary and compelling reasons warrant a sentence reduction, and 2) considers the relevant 18 U.S.C. § 3553(a) sentencing factors. 18 U.S.C. § 3582(c)(1)(A); see also Kibble, 992 F.3d at 330-31, 331 n.3 (per curiam) ("In stark contrast to the portion of the statute that requires a sentence reduction to be 'consistent with applicable policy statements,' § 3582(c)(1) merely requires district courts to 'consider[ ]' the relevant § 3553(a) factors. We understand this language as providing district courts with procedural guardrails for exercising their discretion, not creating a substantive prerequisite to compassionate release.").[1] Here, it is undisputed that Defendant has exhausted his administrative remedies. The Court thus turns its analysis to whether extraordinary and compelling reasons exist to reduce Defendant's sentence and consideration of the relevant § 3553(a) factors.

---

[1] Here, the parties have argued several factors within U.S.S.G. § 1B1.13 support their respective positions on Defendant's motion to reduce his sentence. Since the filing of the parties' briefs, however, the Fourth Circuit has explained it is error for a district court to apply U.S.S.G. § 1B1.13 unless a request for compassionate release is made "[u]pon motion of the Director of the Bureau of Prisons ["BOP']." United States v. McCoy, 981 F.3d 271, 281–83 (4th Cir. 2020) (holding that "There is as of now no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A)."); see also Kibble, 992 F.3d 326, 331 (4th Cir. 2021) (affirming denial of compassionate release motion "[n][otwithstanding the district court's error in applying USSG § 1B1.13" after explaining "Mr. Kibble filed his motion for compassionate release directly with the district court; the Director of the BOP did not submit it on his behalf. Accordingly, USSG § 1B1.13 did not apply to Mr. Kibble's request. The district court erred in holding otherwise."). It is undisputed Defendant, and not the BOP, filed the instant motion. The Court has accordingly reviewed the helpful but non-binding guidance from U.S.S.G. § 1B1.13, while also recognizing that this Court is "empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise." McCoy, 981 F.3d at 284 (quotation omitted; emphasis in original).

After reviewing the record, the Court concludes that Defendant's pleadings and supporting evidence demonstrate extraordinary and compelling reasons to warrant a reduction. The Court specifically points to Defendant's terminal and serious medical conditions from which he is not expected to recover (including an aggressive type of cancer that requires significant and invasive medical care), his age of 67 years old, and other reasons, including the *combined impact* of Defendant's terminal and serious medical conditions, his age, and the COVID-19 pandemic. See Kibble, 992 F.3d at 333-34 (Gregory, C.J., concurring) (recognizing requirement of "fact-intensive inquiry" that considers "circumstances that, collectively, qualif[y] as extraordinary and compelling" (citations omitted)).

In view of the extraordinary and compelling circumstances present here, the Court also considers the relevant 18 U.S.C. § 3553(a) factors,[2] looking beyond Defendant's initial sentencing[3] to also include Defendant's sentence-modification arguments and post-sentencing mitigation evidence provided in support of the instant motion. See, e.g., Chavez-Meza v. United States, __ U.S. __, 138 S. Ct. 1959, 201 L.Ed.2d 359 (2018) (explaining obligations of district judge in addressing sentence-modification motion under 18 U.S.C. § 3582(c)(2)); United States v. Martin, 916 F.3d 389 (4th Cir. 2019) (applying Chavez-Meza and explaining obligation of district judge to consider post-sentencing mitigation evidence and provide sufficient rationale in addressing § 3582(c)(2) sentence-modification motion); United States v. High, 997 F.3d 181 (4th Cir. May 7,

---

[2] In considering whether release is warranted given the applicable § 3553(a) factors, the Court considers "the nature and circumstances of the offense;" "the history and characteristics of the defendant;" "the need to avoid unwarranted sentence disparities;" and the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public," and "provide the defendant with . . . training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a).

[3] The undersigned acknowledges he was not the original judge who sentenced Defendant, and no transcript of those proceedings is available on the docket for this case. Nevertheless, the Court has reviewed the pleadings and other materials that were available to the initial sentencing judge, as well as the original Statement of Reasons, (Doc No. 118).

3

2021) (applying Chavez-Meza and Martin to affirm the district court's decision denying compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i)).

Here, the Court considers the nature and circumstances of the offense and the history and characteristics of Defendant. Defendant is 67 years old, has served nearly 80% of his sentence for his guilty plea to the sole count of conspiracy to sell methamphetamine, has not received any infractions or complaints while incarcerated, has completed a drug rehabilitation program and other courses while incarcerated, has worked various jobs while in prison, and was previously approved by the Bureau of Prisons for release to home confinement under the Elderly Offender Pilot Program. The Court also considers Defendant's argument and evidence regarding his ability obtain the most effective medical care for his terminal illness if his sentence is reduced to time served.

For these reasons, the Court grants Defendant's Motion for Compassionate Release (Doc. No. 182). Defendant's previously imposed sentence of imprisonment of 120 months is reduced to time served plus *up to* fourteen days. In granting the reduction of sentence to time served, this order is stayed for *up to* fourteen days for the verification of Defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure Defendant's safe release.[4] Defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for Defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure Defendant's safe release, the parties shall immediately notify the Court and show cause why the stay should be extended.

---

[4] The Court recognizes Defendant's pleadings before the Court provide a verified residence and appropriate detailed release plan to ensure the safety and well-being of Defendant and others. (Doc. No. 182, pp. 18-19). Given the duration of the pendency of the instant motion, however, the Court will require the release plan to be revisited and either confirmed or updated with any necessary modifications to ensure Defendant's safe release.

4

Defendant does not request a "special term" of probation, and he does not seek the modification of any previously imposed condition of supervised release. Accordingly, Defendant's previously imposed conditions of supervised release, (Doc. No. 117), are unchanged.

IT IS THEREFORE ORDERED that Defendant's Motion for Reconsideration (Doc. No. 200) is GRANTED.

IT IS FURTHER ORDERED that pursuant to 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a), the Court GRANTS Defendant's Motion for Compassionate Release (Doc. No. 182). Defendant's previously imposed sentence of imprisonment of 120 months is reduced to time served plus *up to* fourteen (14) days to verify Defendant's release plan as explained above. Defendant's previously imposed conditions of supervised release are unchanged.

IT IS SO ORDERED.

Signed: August 24, 2021

Frank D. Whitney
United States District Judge